**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD GRABOWSKI and KATHLEEN GRABOWSKI, his wife, | CIVIL ACTION NO. 3:14-815 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is a Complaint filed by Plaintiffs Richard and Kathleen Grabowski. (Doc. 1.) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

### I. Background

Plaintiffs bring this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Compl.*, ¶ 4.) Plaintiffs are alleged to be "adult individuals who reside in New York State and have property at 131 Waterview Court, Hawley, PA 18428." (*Id*. at ¶ 1.) Defendant Liberty Mutual Fire Insurance Company is alleged to be a "Foreign Corporation or other legal entity incorporated under the laws outside of the Commonwealth of Pennsylvania, with a principal place of business at 412 W. Swedesford Road, Berwyn, PA 19312." (*Id*. at ¶ 2.)

### II. Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiffs allege that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1).  Section

1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Plaintiffs**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed.

758 (1914).

To the extent the Complaint alleges that Plaintiffs "reside" in New York, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted). To properly allege diversity, Plaintiffs must allege their state of citizenship, not merely their state of residence. As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

**B.   Citizenship of Defendant**

The Complaint also fails to adequately allege the citizenship of Defendant. As set forth above, Defendant is alleged to be a "Foreign Corporation or other legal entity incorporated under the laws outside of the Commonwealth of Pennsylvania, with a principal place of business" in Pennsylvania. (*Compl.*, ¶ 2.)

A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029

3

(2010).

Insofar as Plaintiffs allege that Defendant is a corporation, the Complaint fails to properly allege jurisdiction in two respects.  First, Plaintiffs fail to identify Defendant's state of incorporation.  Second, the Complaint only alleges where Defendant has *a* principal place of business.  To properly plead the citizenship of this corporation, Plaintiff must allege where Defendant has *its* principal place of business.

Moreover, the Complaint indicates that Defendant may be a "legal entity" other than a corporation. (*Compl.*, ¶ 2.)  Because the citizenship inquiry is not the same for all business entities, Plaintiffs must identify how Defendant is organized and allege the facts necessary to establish the citizenship of that particular type of business entity. *See, e.g., Pike Co. v. Chesapeake Operating, Inc.*, No. 13-206, 2013 WL 432928, at *1-2 (M.D. Pa. Feb. 4, 2013) (explaining citizenship of limited liability partnerships and limited liability companies); *Cumberland Mut. Fire Ins. Co. v. Michael Gratz Insurers*, No. 12-2404, 2012 WL 6093295, at *2 (M.D. Pa. Dec. 7, 2012) (explaining citizenship of sole proprietorship); *Seaberg v. Talisman Energy, USA*, No. 12-1550, 2012 WL 3643663, at *1-2 (M.D. Pa. Aug. 23, 2012) (citizenship of limited liability companies is determined differently from citizenship of corporations).

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of Plaintiffs or Defendant.  As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiffs will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving the Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section

1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Plaintiffs will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of this action.

An appropriate order follows.


May 1, 2014                                                  /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                     United States District Judge